# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

E.V. Doe, by Next Friend N.C. Doe,
J.P. Doe, by Next Friend J.A.P.
Doe, E.R. Doe, by Next Friend J.R.  Case No. 17-cv-14010
Doe, J.B. Doe, by Next Friend M.B.
Doe, and J.M. Doe, by Next Friend  Judith E. Levy
H.M. Doe,                          United States District Judge

                Plaintiffs,     Mag. Judge Elizabeth A. Stafford

v.

Shirley Thoen, an Individual, and
Port Huron Area School District,

                Defendants.

_____/

## OPINION AND ORDER GRANTING IN PART AMENDED MOTION TO APPROVE SETTLEMENT AND STRIKE PREVIOUSLY FILED MOTION [23]

On August 22, 2019, plaintiffs filed an amended motion to approve settlement and strike their previously filed motion. (ECF No. 23.) This opinion and order only addresses the motion to strike.

Plaintiffs' original motion for attorney fees and approval of settlement for minors (ECF No. 21) contained certain information

regarding the terms of the parties' confidential settlement agreement. Now, plaintiffs seek to strike the item from the docket.[1]

Courts have broad discretion to manage and control their dockets, which includes striking motions from their dockets. *See American Civil Liberties Union of Ky. v. McCreary Cty.*, 607 F.3d 439, 451 (6th Cir. 2010) (citing *Reed v. Rhodes*, 179 F.3d 453, 471 (6th Cir. 1999)). And here, where plaintiffs allege that they inadvertently included confidential settlement information in their motion, the Court is within its discretion to strike the item from the docket.

Accordingly, plaintiffs' amended motion to approve settlement and strike the previously filed motion from record (ECF No. 23) is granted in

---

[1] Plaintiffs made their motion under Federal Rule of Civil Procedure 12(f). Rule 12(f) states that courts may "order stricken from any *pleading* any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f) (emphasis added.). Rule 12 thus governs pleadings, which are limited to "a complaint, an answer, a reply to a counterclaim denominated as such, an answer to a cross-claim, if the answer contains a cross-claim, a third-party complaint, if the person who was not an original party is summoned under the provisions of Rule 14, a third-party answer, if a third-party complaint is served." Fed. R. Civ. P. 7(a). Plaintiffs' motion to approve a settlement is not a pleading. Therefore, Rule 12 is inapplicable. Nonetheless, the Court will grant plaintiffs' motion to strike for the reasons set forth above.

part and plaintiffs' motion for attorney fees (ECF No. 21) is stricken.

IT IS SO ORDERED.

Dated: August 22, 2019  　　　　s/Judith E. Levy
　　Ann Arbor, Michigan　　　　JUDITH E. LEVY
　　　　　　　　　　　　　　　United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on August 22, 2019.

　　　　　　　　　　　　　　　s/Shawna Burns
　　　　　　　　　　　　　　　SHAWNA BURNS
　　　　　　　　　　　　　　　Case Manager